IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Dena Irick,

Plaintiff,

v.

Brian Ducksworth; Koch Foods of Gainesville, LLC,

Defendants.

Case No. 5:26-cv-02288-SAC

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Remand filed by Plaintiff Dena Irick ("Irick"). ECF No. 21. Defendants Brian Ducksworth ("Ducksworth") and Koch Foods of Gainesville, LLC ("Koch") (collectively, "Defendants"), filed a response in opposition. ECF No. 25. This Motion is accordingly ripe for review. For the reasons discussed below, the Court DENIES the Motion to Remand.

## BACKGROUND

This case arises from an accident that occurred on March 27, 2025. ECF No. 1-1 ¶¶ 6-7. Irick alleges Ducksworth failed to yield the right of way when changing lanes and struck Irick's vehicle. *Id.* ¶ 7. At that time, Ducksworth was operating a commercial motor vehicle owned, leased, or controlled by Koch. *Id.* ¶ 8. As a result of the accident, Irick alleges to have suffered serious injuries. *Id.* ¶ 9. Irick filed the instant lawsuit in Orangeburg County Court of Common Pleas, ECF No. 1-1, and Defendants timely removed the action, ECF No. 1. On July 10, 2026, Irick filed a Motion to Remand, principally arguing the case should be remanded because it relates to a matter currently pending in state court. ECF No. 21.

On July 9, 2026, just one day prior to the filing of Irick's Motion, an action was filed in Orangeburg County Court of Common Pleas (the "State Court Lawsuit") stemming from the same

accident at issue in this lawsuit. ECF No. 21-1. In the State Court Lawsuit, Kendra Irick, as parent and guardian of D.M., a minor, sued Irick and Defendants for injuries suffered while a passenger in Irick's vehicle at the time of the accident.[1] *Id.* ¶¶ 7-9.

## STANDARD OF REVIEW

Because "[f]ederal courts are courts of limited jurisdiction," it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). A defendant may remove a case to federal court only if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil cases based on federal questions or diversity of citizenship. *See* 28 U.S.C. §§ 1331; 1332(a). If a case before the court involves diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Where a case is properly before a federal court, however, the court has a strict duty to exercise jurisdiction conferred upon it. *See, e.g., Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (noting federal courts have a "virtually unflagging

---

[1] In the State Court Lawsuit, the plaintiff complains about an accident that occured on July 19, 2023. ECF No. 21-1 ¶ 7. However, in their answer filed August 17, 2026, Defendants admit that on March 27, 2025, Duckworth was involved in a collision with a vehicle driven by Irick in which the plaintiff was a passenger. *See* Defendants Brian Duckswonth and Koch foods of Gainesville, LLC's Answer to Plaintiff's Complaint ¶¶ 7-9, Irick v. Irick, No. 2026-CP-38-00976 (Aug. 17, 2026); *see also Hilton v. Gossard*, 702 F. Supp. 3d 425, 430 (D.S.C. 2023) (allowing a court to take judicial notice of a government website). In Irick's Motion to Remand, she argues that the State Court Lawsuit is related to this action. ECF No. 21 at 1. The Court, therefore, believes the date of the accident at issue to be March 27, 2025, and that date of the accident in the complaint filed in the State Court Lawsuit is a scrivener's error.

obligation . . . to exercise the jurisdiction given them."); *England v. La. State Bd. of Med. Exam'rs,* 375 U.S. 411, 415 (1964) ("When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." (internal quotations omitted)); *Cohens v. Virginia,* 19 U.S. 264, 404 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.").

## ANALYSIS

In her Motion to Remand, Irick's sole argument for remand is the existence of the State Court Lawsuit, which she posits involves the same parties, substantially similar facts, and common issues of law. ECF No. 21 at 1-3. According to Irick, the cases involve overlapping witnesses, documentary evidence, and legal issues, such that proceeding separately would necessitate duplicative discovery, motion practice, and hearings while risking inconsistent factual findings and legal conclusions. *Id.* at 3. Moreover, Irick represents that she intends to seek consolidation if the case is remanded. *Id.* As such, Irick urges remand would support judicial economy and would be in the interest of justice. *Id.* at 2-3.

Defendants contend that diversity jurisdiction existed at the time of removal, their removal was procedurally proper, and they were therefore entitled to remove the action. ECF No. 25 at 3-4. Defendants also argue that the State Court Lawsuit was filed twenty-nine days after their Notice of Removal — just one day prior to when Irick's ability to challenge removal would expire — and posits it was filed in the "hopes of eliminating diversity jurisdiction on the basis that [Irick] would seek to consolidate the matter[.]" *Id.* at 4. Defendants suggest that Irick conspired with Kendra Irick to file suit on behalf of Irick's minor grandchild, naming Irick merely to defeat diversity jurisdiction through post-removal manipulation. *Id.* at 5. As such, Defendants request this Court deny the Motion to Remand. *Id.* at 7.

Generally, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Article III's bestowal of federal jurisdiction over "cases" and "controversies" has instilled in district courts a "virtually unflagging obligation" to exercise that jurisdiction over matters properly brought before them. *Colorado River*, 424 U.S. 800 at 817. Indeed, in *Thermtron Prods., Inc. v. Hermansdorfer*, the Supreme Court made clear that Congress never intended "to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins.*, 517 U.S. 706 (1996). Accordingly, a district court does not have the authority to remand a case for discretionary reasons such as judicial economy. *Id.* at 345 (stating that the district court "exceeded its authority in remanding on grounds not permitted by the controlling statute."); *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 579 (4th Cir. 2013) ("A district court exceeds its statutory authority when it remands a case on grounds that seem justifiable to the court but which are not recognized by the controlling statute.") (citation modified)).

Here, Irick does not challenge that diversity jurisdiction exists or that Defendants' removal was procedurally proper. Rather, Irick's Motion to Remand requests this Court remand for judicial economy — a ground squarely barred by federal jurisprudence. Tellingly, Irick does not cite a controlling statute granting the Court authority to remand on such basis. Nor does she cite to or rely on any decisions recognizing a court's discretion to remand where, after removal, a parallel, related state court action is filed. Although remand and subsequent consolidation may well promote judicial economy, "granting the motion to remand on these grounds would have no basis

in federal law." *See Conyers v. Ospina*, No. 2:13-cv-02539-DCN, 2013 WL 6582971, at *1 (D.S.C. Dec. 16, 2013) (rejecting plaintiff's argument that remand was warranted to facilitate consolidation with a state court lawsuit in the interest of judicial efficiency).

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand [ECF No. 21] is **DENIED**.

**IT IS SO ORDERED.**

United States District Judge

November 5, 2026
Columbia, South Carolina